[Civ. No. 22670. Third Dist. Oct. 7, 1983.]

CHARLOTT VON ROTT, Plaintiff and Appellant, v.
W. MORGAN JOHNSON et al., Defendants and Respondents.

**COUNSEL**

Mart & Ordas, Mart & deVries, James D. Mart, King, Johnson & Shapiro and Robert Shapiro for Plaintiff and Appellant.

Weintraub, Genshlea, Hardy, Erich & Brown and David S. Worthington for Defendants and Respondents.

**OPINION**

**FRANCIS, J.***—Plaintiff appeals from a summary judgment granted on defendant's motion.[1]

In this case we consider whether an attorney responsible for drafting legal documents relating to the sale/purchase of a business, who becomes a pledgeholder for stock involved in the transaction, becomes subject to the statute of limitations continuous representation tolling provision in an action for professional negligence, where the attorney's sole involvement with the former client within one year of the filing of the action was that of a pledgeholder.

Defendant, a licensed practicing attorney, was contacted by plaintiff in July 1977 regarding the sale of plaintiff's business (Sacramento Valley Enterprises, Inc., a Nevada corporation) to Patricia Keller. At that time, plaintiff and Keller had decided on a price of $750,000 for the sale of the business.

---

*Assigned by the Chairperson of the Judicial Council.

[1]Defendants W. Morgan Johnson and W. Morgan Johnson, Inc., are collectively referred to as defendant.

Defendant met with plaintiff and Keller on two occasions; he provided legal advice on the method by which the purchase and sale could be accomplished with favorable tax consequences to all parties. Defendant determined the appropriate structure for the purchase and sale was a "bootstrap" procedure pursuant to Internal Revenue Code section 332 (b)(2). Under this procedure, the buyer was to use the profits from the business sold to make periodic payments to the seller. Keller was to make monthly payments of $6,400 to plaintiff over a 15-year period. In addition, a new corporation, Charlotte Green Apparel, Ltd., was formed to purchase the shares of Sacramento Valley Enterprises thus creating a parent-subsidiary relationship. This was to be followed by a transfer of the assets of Sacramento Valley Enterprises to Charlotte Green Apparel and thereafter Sacramento Valley Enterprises was to be dissolved.

In connection with the sale and transfer of the business, defendant drafted several instruments on behalf of plaintiff and Keller, including a purchase and sale agreement, a security agreement and a pledge agreement.

The security agreement provided plaintiff a security interest in the inventory assets and proceeds of Charlotte Green Apparel. In turn, the pledge agreement was designed to provide security for the payment of the purchase price by allowing plaintiff, upon default of Keller, to request the pledgeholder to sell the pledge collateral, which was the shares of the business. In addition to drafting the pledgeholder documents, defendant acted as pledgeholder for the pledge agreement.

Plaintiff alleges that in drafting these documents and structuring the purchase and sale, defendant negligently failed to file a security interest protecting plaintiff's security in the accounts receivable of the purchased business or to include the accounts receivable in the security agreement. Defendant's failure in this regard allowed Keller to factor (i.e., sell) the accounts receivable which were to constitute a substantial part of plaintiff's security interest.

Keller began operating the new business in October 1977. Cash flow problems arose immediately because the business was undercapitalized. Keller's first payment arrived late and took numerous attempts to clear the bank. In November 1977, plaintiff contacted defendant and expressed her concern about the late arrival of the first payment. That was the last time plaintiff had any personal contact with defendant. Plaintiff asserts she made subsequent attempts to contact defendant, but defendant would not return her calls.

In February 1978, plaintiff, concerned about the status of the contract, contacted Attorney Vernon Deming. Thereafter, Deming undertook the rep-

resentation of plaintiff as to the matters relating to the contract. Deming contacted counsel for Keller and received assurances of prompt monthly payment. Payments continued through December 1978.

The only additional act performed by defendant in connection with the sale of the business occurred on June 22, 1978, when he filed a certificate of dissolution for Sacramento Valley Enterprises with the Nevada Secretary of State.

In January 1979, Keller (i.e., Charlotte Green Apparel, Ltd.) filed for bankruptcy. Thereafter, on August 29, 1979, plaintiff instituted the instant malpractice action. In her complaint, plaintiff alleged, inter alia, that defendant "failed to exercise reasonable care and skill in undertaking to perform legal services for Plaintiff and negligently and carelessly prepared, presented, and had executed, the documents for the sale and transfer of the corporate stock and business interests theretofore held by Plaintiff . . . ."

Defendant answered the complaint, denying the allegations and asserting the action was barred by the statute of limitations. (Code Civ. Proc., § 340.6.) Defendant later moved for summary judgment arguing the action was barred by the one-year limitations period for an action for legal malpractice. (*Ibid.*)

Plaintiff concedes she knew as early as February 1978 of the facts giving rise to her claim of malpractice. Instead, she asserted the limitations period was tolled by defendant's continued representation of plaintiff solely as pledgeholder until Keller filed for bankruptcy in January 1979. (Code Civ. Proc., § 340.6, subd.(a)(2).)

The focus of the motion for summary judgment centered on the continuation of the attorney-client relationship. Defendant argued the attorney-client relationship terminated in February 1978 when plaintiff secured new counsel, Vernon Deming, to represent her interests regarding the sale of the business. Deming testified that as of February 1978 he was the attorney of record for plaintiff; that plaintiff had expressed dissatisfaction with defendant and retained Deming, and that he (Deming) represented plaintiff for all purposes from February 1978 forward. In addition, in February 1978, Deming wrote to counsel for Keller, stating plaintiff's concerns about the status of the contract and informing Keller's counsel that he (Deming) was then counsel for plaintiff and all correspondence should be addressed to him.

In reliance on the foregoing, defendant asserted the attorney-client relationship between plaintiff and himself terminated in February 1978. In the alternative, defendant also argued the attorney-client relationship terminated

no later than June 1978 when defendant filed a certificate of dissolution with the Nevada Secretary of State—the last act performed by defendant on plaintiff's behalf.

Plaintiff argued a triable issue of fact existed concerning defendant's status as pledgeholder; she asserts that status was part of the legal services offered for the purchase and sale of plaintiff's business. Plaintiff argued that defendant's role as pledgeholder was to continue until Keller had completed payments on the business and was an integral part of the transaction, thus constituting continued representation until Keller filed for bankruptcy in January 1979.[2]

The trial court without comment granted summary judgment in favor of defendant. Plaintiff appeals.

## DISCUSSION

■ Section 340.6 provides in pertinent part: "(a) An action against an attorney for a wrongful act or omission, other than for actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission, or four years from the date of the wrongful act or omission, whichever occurs first. In no event shall the time for commencement of legal action exceed four years except that the period shall be tolled during the time that any of the following exist: [¶] (2) The attorney continues to represent the plaintiff regarding the specific subject matter in which the alleged wrongful act or omission occurred; . . ."

On appeal, plaintiff again argues that a triable issue of fact exists whether the duties of defendant as pledgeholder were intended by the parties to be included in the legal services rendered by defendant. If so, plaintiff asserts defendant's legal representation continued to the date his duties as pledgeholder were discharged, i.e., January 1979 when Keller declared bankruptcy and the assets held by the pledgeholder (defendant) were transferred to the trustee in bankruptcy. We disagree.

Section 340.6 by its terms applies only to actions arising out of the performance of professional services by attorneys. Defendant's role as pledgeholder was separate and distinct from his role as attorney. In his role as pledgeholder, defendant acted simply as an escrow, holding shares of the

---

[2] Upon the filing of bankruptcy, the shares of Charlotte Green Apparel, Ltd., were transferred from the pledgeholder (defendant) to the trustee in bankruptcy.

corporation for the benefit of plaintiff until Keller had completed the payments due under the contract. (See generally Fin. Code, § 17003.) One need not be an attorney to act as pledgeholder, and it is clear that one acting as a pledgeholder is not performing legal services. The record indicates that defendant named himself as pledgeholder simply as an accommodation to the parties. To accept plaintiff's contention that defendant's status as pledgeholder constituted a continuation of the attorney-client relationship would necessarily mean such relationship was to continue throughout the life of the contract—15 years (the period of time in which Keller was to make payments to plaintiff)—notwithstanding that during that period plaintiff (1) may have been aware of the malpractice, (2) had no contact with defendant, and (3) secured new counsel to represent her interests in regard to the sale of the business.

We conclude defendant's status as pledgeholder was only tangentially related to the legal representation he provided plaintiff and thus did not operate to toll the statute of limitations.

In opposition to summary judgment, plaintiff submitted a declaration by Deming from which inferences may be drawn that in addition to defendant's status as pledgeholder, defendant was to perform other professional acts by September 1979 relating to completion of the purchase and sale transaction. Clearly, if additional acts were contemplated in regard to the purchase and sale, the attorney-client relationship would necessarily continue to the time when such acts were to be performed. (See *Gurkewitz* v. *Haberman* (1982) 137 Cal.App.3d 328, 333 [187 Cal.Rptr. 14].) Yet, in her points and authorities in opposition to summary judgment, the *sole* issue raised by plaintiff was whether defendant's status as pledgeholder constituted continuing representation such as to toll the statute of limitations. Moreover, at the hearing on the motion, plaintiff conceded her only claim was that the statute of limitations was tolled based on defendant's status as pledgeholder. The concession on that point was reiterated at the argument on appeal.

On the sole issue before us we affirm the judgment.

Puglia, P. J., and Sparks, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied November 30, 1983.